1

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Dr., Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**BRADLEY/GROMBACHER, LLP**
Robert N. Fisher, Esq. (SBN 302919)
246 5th Avenue, Suite 522
New York, NY 10001
Telephone: (805) 270-7100
rfisher@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class and Collective*

**UNITED STATE DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATALIE BELL, GISELE MOBLEY, ASHLY RAI, AND JOHN TURNER, individuals, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana corporation; NATIONAL INCOME LIFE INSURANCE COMPANY, a CANT DETERMINE STATE OF INCORPORATION; and Does 1-20. <br><br> Defendants. | **CASE NO.** <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT FOR:** <br><br> 1. **Meal and Rest Break Violations (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);** <br> 2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and California *Labor Code* §§ 510, 1194);** <br> 3. **Failure to Pay Minimum Wages in Violation of California Labor Code 1197;** <br> 4. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a));** <br> 5. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);** <br> 6. **Unfair Business Practices (*Business and Professions Code* § 17200); and** <br> 7. **Failure to Pay All Wages and Overtime in Violation of the New York Labor Law** |

-1-
**CLASS AND COLLECTIVE ACTION COMPLAINT**

8. **Failure to Pay All Wages in Violation of the Florida Minimum Wage Act**
9. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA")**

**DEMAND FOR JURY TRIAL**

Plaintiffs  NATALIE BELL, GISELE MOBLEY, ASHLY RAI, AND JOHN TURNER (hereinafter referred to as "Plaintiffs"), hereby submit their Class and Collective Action Complaint against Defendants AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana corporation, NATIONAL INCOME LIFE INSURANCE COMPANY, and DOES 1-20 ("Defendants"), on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

## INTRODUCTION

1.      This complaint challenges systemic illegal employment practices resulting in violations of the Fair Labor Standards Act, the California Labor Code and California Business and Professions Code and other state laws against employees of Defendants.

2.      Plaintiffs allege that Defendants misclassified insurance and annuities salespeople ("Agents") as "independent contractors" when the true classification should have been that of "employee."  Plaintiffs also allege that Defendant required its Agents to engage in a prolonged training period as "Trainees" during which Trainees were not paid even though they were performing work for Defendants.

3.      Plaintiffs seek relief on behalf of themselves and all similarly situated employees.

4.      Plaintiffs are informed and believed and based thereon allege that Defendants have engaged in, among other things a system of willful violations of the FLSA, the California Labor Code, California Business and Professions Code, applicable IWC wage orders, and other state laws by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.      The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California <u>Labor Code</u>, California <u>Business and Professions Code</u>, the Fair Labor Standards Act, and other applicable state laws.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  The amount in controversy in this action exceeds $5,000,000.

7.      Venue is proper because Defendants do business in Los Angeles County, which is part of the Central District of California.  In addition, the acts and omissions complained of in this Complaint took place in part within this district.

## PARTIES

*Plaintiffs*

8.      Plaintiff Natalie Bell is a resident of Orange County, California.  She was hired by Defendants as a Trainee from October 2017 to February 2018 in Garden Grove, California.

9.      Plaintiff Gisele Mobley is a resident of the state of Florida.  She was hired by Defendants in November of 2018 as a Trainee, and after training, worked for Defendants as an Agent until January of 2019.

10.      Plaintiff Ashly Rai is a resident of San Joaquin County, California.  She was hired by Defendants as a Trainee in February of 2018, and after training, worked for Defendants as an Agent until July of 2018.

11.      Plaintiff John Turner is a resident of Madison County, New York.  He was hired by Defendants as a Trainee in 2014, and after training, worked for Defendants as an Agent and then as a Supervising Agent until 2017.

12.      Plaintiffs (with the exception of Plaintiff Mobley) attended unpaid on-site training by Defendants and their employees at Defendants' offices.  Plaintiff Mobley undertook this training through independent study as directed by Defendants.  All Plaintiffs reported to Defendants' employees directly.  Plaintiffs also underwent training by Defendants' employees in

the field as part of Defendants' life insurance training program.

13. During the training period, Plaintiffs were not paid and Plaintiffs Bell and Rai routinely were not permitted to take meal and rest breaks.

14. Plaintiffs were also required to pay to take training classes and a licensing exam for which they were never reimbursed by Defendants. They were required to purchase and or use their own laptops for their work and pay for additional software that Defendants deemed necessary. Plaintiffs were also required to use their own cell phones to schedule appointments as part of their work for Defendants.

15. For those Plaintiffs who became Agents, they were misclassified by Defendants as Independent Contractors and were, *inter alia*, not paid appropriate wages, given meal and rest breaks (for those located within California), or reimbursed for their expenses. Additionally, Defendants withheld commissions from Plaintiff Turner and did not pay him all commissions owed during the course of his employment.

**Defendants**

16. Plaintiffs are informed and believe and based thereon allege that Defendant American Income Life Insurance Company was and still is an Indiana corporation doing business nationwide, including in California, Florida, and New York, and was engaged in, *inter alia*, the sales of life insurance and annuities.

17. On information and belief, Defendant American Income Life Insurance Company maintains its principal place of business in Waco, Texas.

18. Defendant National Income Life Insurance Company is a wholly owned subsidiary of American Income Life Insurance Company and was engaged in, *inter alia*, the sales of life insurance and annuities within New York State.

19. National Income Life Insurance Company maintains its principal place of business in Syracuse, NY.

20. On information and belief, Defendant American Income Life Insurance Company operates its business in whole or in part through subsidiaries and affiliates, the names of which are not known to Plaintiffs at this time with the exception of National Income Life Insurance

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Company, which operates in New York State.

21. At all times herein mentioned, each of the Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

22. Plaintiffs are informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

23. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

24. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

25. The practices and policies which are complained of by way of this Complaint are enforced throughout the States of California, Florida, New York, and the United States.

///

///

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## FACTUAL ALLEGATIONS

26.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

27.     This class and collective action is brought on behalf of all Trainees and Agents of Defendants who were not paid for their training time and/or improperly classified and not paid minimum wages or overtime nor, for those in California, provided proper meal and rest breaks as required by the California Labor Code.

28.     At times relevant, Defendants represented to Plaintiffs and other Agents that they were and are independent contractors not employees and that their training was appropriately categorized as unpaid training time, rather than employment.

29.     Plaintiffs and other Trainees and Agents, under the law, are/were employees of Defendants at times relevant and not independent contractors.

30.     Plaintiffs, and on information and belief other Trainees and Agents, relied on Defendants' statements and representations that they were independent contractors, and did so to their detriment and with justifiable reliance on Defendants' representations.  Plaintiffs and other Trainees and Agents on information and belief, have suffered the damages and injuries alleged and Defendants' misrepresentations are/were the proximate and direct cause of these injuries and damages.

31.     Plaintiffs and members of the plaintiff classes and collective seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

     a. Misclassified Plaintiffs and the other members of the plaintiff classes and collective as Independent Contractors instead of Employees and failed to pay them the applicable minimum wage;

     b. Misclassified Plaintiffs and the other members of the plaintiff classes and collective as Independent Contractors instead of Employees and failed to pay them applicable overtime wages;

     c. Failed to reimburse Plaintiffs and other members of the plaintiff classes and collective for business expenses, further exacerbating their failure to pay

applicable minimum and overtime wages.

    d.   Deprived Plaintiffs and the other members of the California Class of statutorily required meal periods;

    e.   Failed to authorize and permit Plaintiffs and the other members of the California Class to take the requisite rest periods; and,

    f.   Failed to maintain accurate records for Plaintiffs and the other members of the California Class pursuant to California Labor Code § 226(a).

32.    Defendants exercise sufficient control over their Trainees and Agents such that Trainees and Agents are not persons who render services for a specified recompense for a specified result, solely under the control of his principal as to the result of his work only, and solely as to the means by which such result is accomplished.

33.    Trainees and Agents, including Plaintiffs' job duties were directed by Defendants.

34.    Defendants required Trainees, including Plaintiffs, to be on-site or shadowing Agents during certain hours and they did not have the ability to make their own decisions regarding schedules or other specifics of the job.  Rather, they were under the direction and control of Defendants.

35.    Plaintiffs, and other Trainees, were required to work on-site at AIL and to attend training courses in its offices.  Trainees were also required to "shadow" employees of Defendants in the field performing tasks relating to the sales of life insurance.  Some of these days lasted in excess of 12 hours.

36.    Defendants control the method and means of Trainees' and Agents' work including that of Plaintiffs and not merely the result of the work.

37.    Defendants, not Trainees and Agents, control Trainees' and Agents recompense, determining the hourly rate of pay, the payment and invoicing dates, whether additional hours sought to be paid will actually be paid, what items are reimbursable, and the fact that Trainees, not Defendants, shall pay Defendants' side of employment taxes and other business-related expenses.

///

38. Plaintiffs are unable to ascertain their actual hourly rate during training because they never received a single paystub that reflected her applicable hourly rate, total hours worked, gross wages earned, or net wages earned; however, the hourly rate for Plaintiffs and the members of the plaintiff classes were set by Defendants.

39. Defendants dictated the allotted amount of time its Trainees spent in the field or on-site at the AIL office. Defendants had a uniform policy of failing to pay minimum wage or all overtime worked by the employees.

40. Plaintiffs and other Trainees and Agents, at all relevant times worked under and subject to the control of Defendants as set forth in Defendants' numerous policies, practices and procedures.

41. Plaintiffs believe and thereon allege that Trainees and Agents were directed to adhere to Defendants' policies and protocols.

42. Plaintiffs and other Trainees and Agents were and are non-exempt employees as no exemption applies, under the combination of the duties and salary tests, including but not limited to the outside sales, inside sales, administrative, executive and professional exemptions.

43. Plaintiffs Bell and Rai allege that neither they nor the other members of the California Classes were able to take timely meal and rest breaks and were not encouraged or told to take them.

44. Defendants do not maintain the required employment records of their Independent Contractors due to the fact that Defendants misclassify them.

45. Plaintiffs are informed and, on that basis, believes that all other similarly situated employees of Defendants were under the same circumstances and conditions as they. Specifically, all other similarly situated employees were misclassified as Independent Contractors instead of hourly employees with applicable hourly rates and did not receive any minimum wage pay, overtime pay for overtime hours worked nor were they provided with uninterrupted rest periods and meal breaks (where applicable) or with accurate itemized wage statements.

///

///

*Defendants' Failure to Provide Meal Breaks*

46.     Plaintiffs Bell and Rai are further informed and believe, and based thereon allege, that as a matter of policy and/or practice, Defendants routinely failed to provide them and the members of the California Class, with meal periods during which they were relived of all duties by requiring them to remain on duty.

47.     Throughout the Class Period, Defendants regularly:

      a.     Failed to provide a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

      b.     Failed to provide a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

      c.     Failed to pay Plaintiffs Bell and Rai and the members of the California Class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

      d.     Failed to accurately record all meal periods.

*Defendants' Failure to Provide Rest Breaks*

48.     At all times, relevant hereto, California Labor Code § 226.7 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

49.     At all times, relevant hereto, California Labor Code § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

50.     Plaintiffs Bell and Rai are informed and believe, and based thereon allege, that Defendants failed to effectively communicate California rest period requirements to them and the members of the California Class. They are further informed and believe and based thereon allege that throughout the Relevant Time Period Defendants failed to provide rest periods.

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

51.     Throughout the California Class Period, Plaintiffs Bell and Rai and the members of the California Class were routinely denied the rest breaks they were entitled to under California law.

52.     Specifically, throughout the Class Period, Defendants regularly:

a.     Failed to provide paid rest periods of ten (10) minutes during which Plaintiffs Bell and Rai and the members of the California Class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

b.     Failed to pay Plaintiffs Bell and Rai and the members of the California Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

***Defendants' Failure to Pay Minimum Wages***

53.     IWC Wage Order number 4, section 2(K) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

54.     California Labor Code § 1182.12 and former WC Wage Order, number 4, section 4 provide that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

55.     California Labor Code § 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage [], including interest thereon, reasonable attorney's fees, and costs of suit."

56.     California Labor Code § 1194.2(a) provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

///

57.     California <u>Labor Code</u> § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

58.     In addition, New York Labor Law and the Florida Minimum Wage Statute provide that employers must pay their employees a set minimum wage.

59.     Defendants classified Plaintiffs and plaintiff class members as Independent Contractors rather than pay them on an hourly basis.  Hours worked include, but are not limited to, all hours that an employee is permitted or suffered to work including, but not limited to, off-the-clock work that an employer either knew or should have known that an employee was performing.

60.     As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiffs and plaintiff class members to work portions of the day during which they were subject to Defendants' control, but Defendants failed to compensate them, including by failing pay all commissions owed.

61.     Throughout the Class Period, Plaintiffs, and the other members of the plaintiff class, were subject to Defendants' practice of failing to pay minimum wages for hours worked. As a result, Plaintiffs and the other members of the putative class were routinely denied compensation for all hours worked.

62.     Based upon information and belief, Defendants did not maintain adequate records of all wages earned, hours worked, and meal and rest breaks taken.

***Defendants' Failure to Pay Overtime Compensation***

63.     Plaintiffs allege that they and the members of the plaintiff classes were not paid for overtime on a routine basis.

64.     California <u>Labor Code</u> § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

///

65.     California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

66.     Throughout the Class Period, Wage Order No. 4-2001, Section (4) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

67.     The New York Labor Law also requires the payment of overtime wages.

68.     Defendants misclassified Plaintiffs and plaintiff class members as independent contractors and therefore they did not receive overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

69.     As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiffs and plaintiff class members to work portions of the day during which they were subject to Defendants' control and failed to compensate them, including by failing pay all commissions owed.

70.     Accordingly, Defendants failed to properly record the actual hours worked by Plaintiffs and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

///

///

*Defendants' Failure to Pay All Wages Due at Termination of Employment*

71.     At all times, relevant hereto, California <u>Labor Code</u> § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California <u>Labor Code</u> § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California <u>Labor Code</u> § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

72.     Defendants willfully and knowingly failed to pay Plaintiffs Bell and Rai and the members of the California Class, upon termination of employment, all accrued compensation.

*Defendants' Failure to Provide Accurate Wage Statements*

73.     As a result of the meal and rest break, overtime and seven consecutive work days in a row violation, described above, Plaintiffs Bell and Rai and members of the California Class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

*Facts Regarding Willfulness*

74.     Plaintiffs are informed and believe and based thereon allege that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of the wage and hour laws of the states in which they operated and the FLSA.

75.     Plaintiffs are informed and believe and based thereon allege that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiffs, for all hours worked, including overtime.

76.     Plaintiffs are informed and believe and based thereon allege that at all relevant times, Defendants knew or should have known, that the California Class Members, including Plaintiffs Bell and Rai, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants to pay Plaintiffs Bell and Rai and the members of the California Class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

77.     Plaintiffs are informed and believe and based thereon allege that at all relevant times, Defendants knew or should have known, that the California Class Members, including Plaintiffs Bell and Rai, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay the California Class Members, including Plaintiffs Bell and Rai, one (1) hour of wages per day for missed or on-duty rest breaks.

## **CLASS ACTION ALLEGATIONS**

78.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

79.     Plaintiffs bring this action on behalf of himself and all others similarly situated as a class action, pursuant to Federal Rule of Civil Procedure 23. The classes which Plaintiffs seek to certify and represent are composed of, and defined as follows:

**California Class:**

All individuals employed by Defendants within the state of California who were classified as "Independent Contractors" from four years prior to February 13, 2020[1] (the "California Class Period") through the date of judgment in this action.

**Terminated California Sub Class:**

All members of the California Class who were classified as "Independent Contractors" during the Class Period and whose employment ended during the California Class Period.

///

///

---

[1] Plaintiff and the putative class and collective's claims have been tolled by Order of the Court in *Golz v. American Income Life Insurance Company*, 18-cv-09879 (C.D. Cal.), Dkt. No. 72.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**New York Class**

All individuals employed by Defendants within the state of New York who were classified as "Independent Contractors" from six years prior to February 13, 2020 through the date of judgment in this action.

**Florida Class**

All individuals employed by Defendants within the state of Florida who were classified as "Independent Contractors" from five years prior to February 13, 2020 through the date through the date of judgment in this action.

80.     Plaintiffs Bell and Rai seek to represent the California Class and Terminated California Sub Class.

81.     Plaintiff Turner seeks to represent the New York Class.

82.     Plaintiff Mobley seeks to represent the Florida Class.

83.     Each class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiffs are informed and believe that the classes include potentially hundreds of members.

84.     Common questions of law and fact exist as to all members of the classes, which predominate over any questions affecting only individual members of the classes.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

      a.   Whether the members of the Classes should have been classified as employees instead of independent contractors;

      b.   Whether Defendants failed to pay overtime compensation to the members of the Classes by virtue of Defendants' misclassification of the Class Members;

-15-
**CLASS AND COLLECTIVE ACTION COMPLAINT**

c. Whether Defendants failed and continue to fail to provide meal periods to the members of the California Class in violation of the California *Labor Code* and IWC Wage Orders;

d. Whether Defendants failed and continue to fail to authorize and permit members of the California Class to take rest periods in violation of the *Labor Code* and IWC Wage Orders;

e. Whether the members of the California Class are entitled to seek recovery of penalties pursuant to California *Labor Code* §558 and, if so, for what time period(s);

f. Whether Defendants failed to keep adequate records for the members of the California Class pursuant to California *Labor Code* §226(a) (and the consequence for such statutory violations if Defendants did not);

g. Whether the members of the Terminated California Sub Class that are no longer employed by the Defendants are entitled to penalties pursuant to California *Labor Code* §203;

h. Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiffs and members of the Terminated California Sub Class upon termination of their employment, in violation of California *Labor Code* §§ 201-203;

i. Whether Defendants unlawfully and/or willfully failed to provide Plaintiffs and members of the California Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* section 226;

j. Whether Plaintiffs and members of the Classes sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

k. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

85. The claims of the named Plaintiffs are typical of the claims of the members of the

-16-

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Classes. Plaintiffs and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiffs. Plaintiffs seek recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

86. Plaintiffs are adequate representatives of the proposed classes that they seek to represent because they are members of the classes, and their interests do not conflict with the interests of the members they seek to represent. Plaintiffs have retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiffs and their counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiffs and their attorneys.

87. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

## COLLECTIVE ACTION ALLEGATIONS

88. Plaintiffs hereby incorporate each and every allegation contained above and reallege said allegations as if fully set forth herein.

89. Plaintiffs bring their FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective"):

**FLSA Collective**

All current and former employees of Defendants who were classified as "Independent Contractors" by Defendants working in the United States

within three (3) years of February 13, 2020 and the entry of judgment in this case.

90.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

91.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

92.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required wages including overtime wages. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Plaintiffs allege that during the FLSA Class Period, they:

(A) resided in the United States of America;

(B) were employed as a "non-exempt" employee of Defendants in the United States within the three years preceding the filing of the complaint herein;

(C) worked more than 40 hours in any given week;

(D) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E) worked regular hours for which they received no pay whatsoever;

(F) are a member of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and

(G) shall file a consent to join in this court.

93.     Other non-exempt current or former employee of Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a

collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

94.     This Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective members are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective members via first class mail to the last addresses known to Defendants.

**FIRST CAUSE OF ACTION**

**MEAL AND REST BREAK VIOLATIONS**

**(California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040)**

**(By Plaintiffs Bell and Rai and Members of the California Class Against All Defendants)**

95.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

96.     California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

97.     California *Labor Code* § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

98.     California *Labor Code* § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

99.     Section 9(A) of Wage Order No. 4-2001 provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's

work the meal period may be waived by mutual consent of the employer and the employee."

100.     Section 9(B) of Wage Order No. 4-2001 provides that "An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived"

101.     Section 9(C) of Wage Order No. 4-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

102.     California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

103.     At all times, relevant hereto, California *Labor Code* § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

104.     Throughout the Class Period, Plaintiffs Bell and Rai and the members of the California Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

105.     Throughout the Class Period, Plaintiffs Bell and Rai and the members of the California Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

106.     Throughout the Class Period, Plaintiffs Bell and Rai and the members of the California Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

107.     Defendants failed to comply with the required meal periods established by California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

108.    Defendants failed to compensate Plaintiffs Bell and Rai and the members of the California Class with premium wages when meal periods were missed.

109.    Pursuant to Section 9 Wage Order No. 4-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

110.    At all times relevant to this Complaint, each Defendants failed, and has continued to fail, to timely provide Plaintiffs Bell and Rai and the members of the California Class with meal periods.

111.    Thus, throughout the Class Period, Defendants regularly:

(a)     Failed to provide paid rest periods of ten (10) minutes during which Plaintiffs Bell and Rai and the members of the California Class were relieved of all duty for each four (4) hours of work; and

(b)     Failed to pay Plaintiffs Bell and Rai and the members of the California Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

112.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiffs Bell and Rai and the members of the California Class have been deprived of meal and rest period wages due in amounts to be determined at trial.

113.    Pursuant to California *Labor Code* §§ 226.7, 512, and Wage Order 4, as a result of Defendants' failure to pay Plaintiffs Bell and Rai and the members of the California Class for all meal periods and rest periods, Plaintiffs Bell and Rai and the members of the California Class are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

///

///

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(By Plaintiffs Bell and Rai and Members of the California Class Against All Defendants)**

114.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

115.    California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

116.    Defendants have failed and refused to pay to Plaintiffs Bell and Rai and the members of the California Class all overtime wages due to them in compliance with California *Labor Code* including, but not limited to, failing to pay all overtime accrued.  Based upon information and belief, Plaintiffs Bell and Rai and the members of the California Class were not routinely paid overtime when they worked in excess of eight (8) hours in a given day.

117.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiffs Bell and Rai and the members of the California Class has been deprived of overtime wages due in amounts to be determined at trial.

118.    The applicable overtime requirements fixed by the commission for Plaintiffs Bell and Rai and the members of the California Class, are found in Wage Order 4-2001.

119.    Pursuant to California *Labor Code* §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiffs Bell and Rai and the members of the California Class all overtime wages due, Plaintiffs Bell and Rai and the members of the California Class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(California *Labor Code* §§ 558, 1194, 1194.2,**

**1197 & 1198, and Wage Order 4)**

**(By Plaintiffs Bell and Rai and Members of the California Class Against All Defendants)**

120.    Plaintiffs incorporate all preceding paragraphs as though fully set for herein.

121.    At all times relevant to this Complaint, and during the Wage Claims Class Period, each Defendants failed, and has continued to fail, to pay Plaintiffs Bell and Rai and the members of the California Class all wages due including, without limitation, the minimum wage for time worked that was not properly calculated and paid for by Defendants.

122.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiffs Bell and Rai and the members of the California Class has been deprived of minimum wages due in amounts to be determined at trial.

123.    Pursuant to California *Labor Code* §§1194 and 1194.2 as a result of Defendants' failure to pay Plaintiffs Bell and Rai and the members of the California Class all minimum wages due, Plaintiffs Bell and Rai and the members of the California Class are entitled to each recover the unpaid minimum wages and liquidated damages in an amount equal to the minimum wages unlawfully unpaid, plus interest, fees and costs thereon.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT TIME OF**

**TERMINATION (California *Labor Code* §§ 201-203)**

**(By Plaintiffs Bell and Rai and Members of the**

**Terminated California Sub Class Against All Defendants)**

124.    Plaintiffs incorporate all preceding paragraphs as though fully set for herein.

125.    At all times, relevant herein, Defendants were required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

126.    As a pattern and practice, Defendants regularly failed to pay Plaintiffs Bell and

Rai and the members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

127.    The conduct of Defendants and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiffs Bell and Rai and the members of the Terminated Sub Class.

128.    Plaintiffs are informed and believe, and based thereon allege, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs Bell and Rai and the members of the Terminated Sub Class who have separated from employment are entitled to compensation pursuant to California *Labor Code § 203*.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Violation of California *Labor Code* 226(a))

### (By Plaintiffs Bell and Rai and Members of the California Class Against All Defendants)

129.    Plaintiffs incorporates all preceding paragraphs as though fully set for herein.

130.    California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . ."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys'

fees."

131.    Plaintiffs Bell and Rai and the members of the California Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiffs Bell and Rai and the members of the California Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

132.    Plaintiffs Bell and Rai and the members of the California Class request recovery of California _Labor Code_ §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California _Labor Code_ §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA BUSINESS AND

## PROFESSIONS CODE § 17200

**(By Plaintiffs Bell and Rai, the California Class, and the General Public, Against All Defendants)**

133.    Plaintiffs incorporate all preceding paragraphs as though fully set for herein.

134.    Section 17200 of the California _Business and Professions Code_ prohibits any unlawful, unfair or fraudulent business act or practice.

135.    Plaintiffs Bell and Rai brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiffs Bell and Rai and members of the California Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

136.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of California _Business and Professions_ Code § 17200, _et seq_.

137.    Defendants' conduct as herein alleged has damaged Plaintiffs Bell and Rai and the members of the California Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious

**CLASS AND COLLECTIVE ACTION COMPLAINT**

to Plaintiffs Bell and Rai and the members of the California Class, causing them injury in fact and loss of money.

138.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiffs Bell and Rai and the members of the California Class.

139.    All members of the California Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiffs Bell and Rai members of the California Class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

140.    During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

141.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code*.

142.    The harm to Plaintiffs Bell and Rai and the members of the California Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

143.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

144.    Defendants' course of conduct described herein further violates California *Business and Professions* Code § 17200 in that it is fraudulent, improper, and unfair.

145.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiffs Bell and Rai and the members of the California Class in that they were wrongfully denied the timely and full payment of wages due to them.

///

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN**

**VIOLATION OF THE NEW YORK LABOR LAW**

**(By Plaintiff Turner and Proposed Members of the New York Class Against All**

**Defendants)**

146.    Plaintiffs incorporate all preceding paragraphs as though fully set for herein.

147.    At all relevant times Plaintiff Turner and the New York Class Members have been covered by the New York Labor Law ("NYLL").

148.    The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Turner and the New York Class Members.

149.    Defendants willfully failed to pay Plaintiff Turner the minimum hourly wages and overtime to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

150.    Defendants unlawfully required Plaintiff Turner and the New York Class to pay for work related expenses in violation of the New York Labor Law, Article 19, § 193, further exacerbating Defendants failure to pay the minimum wage and overtime wages.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES IN VIOLATION OF THE FLORIDA GENERAL**

**LABOR REGULATIONS**

**(By Plaintiff Mobley and Proposed Members of the Florida Class Against All Defendants)**

151.    Plaintiffs incorporate all preceding paragraphs as though fully set for herein.

152.    At all relevant times Plaintiff Mobley and the Florida Class Members have been covered by the Florida General Labor Regulations including the Florida Minimum Wage Statute ("FMWS").

153.    The wage provisions of the FMWS apply to Defendants and protect Plaintiff Mobley and the Florida Class Members.

154.    Defendants willfully failed to pay Plaintiff Mobley and the Florida Class the

**CLASS AND COLLECTIVE ACTION COMPLAINT**

minimum hourly wages to which they are entitled under the FMWS.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(By Plaintiffs and Proposed Members of the FLSA Collective Against All Defendants)**

155.    Plaintiffs incorporate all preceding paragraphs as though fully set for herein.

156.    The Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.  (29 C.F.R. § 778.223 and 29 C.F.R. § 778.315.)  This Court has jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

157.    Plaintiffs also bring this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. § 201, *et. seq*. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants and misclassified as Independent Contractors during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

158.    This Collective Action by similarly situated persons under 29 U.S.C. § 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiffs and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiffs and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

159.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

   a.    Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiffs and other collective employees;

   b.    Whether Defendants failed to adequately compensate collective employees

for expenses incurred for the direct benefit of Defendants as required by the FLSA;

c.     Whether Defendants' policies and practices were to write down the time worked by Plaintiffs and collective employees;

d.     Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e.     Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and

f.     Whether Defendants are liable to the collective employees.

160.     The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), for all claims asserted by the representative Plaintiffs because the claims of Plaintiffs are similar to the claims of collective employees.

161.     Plaintiffs and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

162.     Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

163.     29 U.S.C. § 225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendants which violated the FLSA was willful.

164.     Plaintiffs and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*., Plaintiffs and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

165.    Plaintiffs and collective employees were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiffs and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.   Defendants also failed to pay Plaintiffs, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

166.    For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

167.    Upon information and belief, at all relevant times, Defendants had an annual gross volume of sales in excess of $500,000.

168.    Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

169.    As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiffs and collective employees were damaged in an amount to be proved at trial.

170.    Plaintiffs, therefore, demands that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

171.    Defendants did not act in a good faith effort to comply with the provisions of the FLSA.

172.    As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiffs and the FLSA Plaintiff Class, Plaintiffs and the members of the FLSA Plaintiff Class have suffered damages.

///

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the Plaintiff Classes, prays for judgment against Defendants as follows:

1.     For an order certifying the proposed classes and appointing Plaintiffs as Class Representatives of the Respective Classes they seek to Represent;

2.     For nominal damages;

3.     For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiffs and members of the Plaintiff Classes, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4.     For liquidated damages and other applicable penalties pursuant to the FLSA and state law.

5.     For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by Labor Code §§ 200, 201, 202, 203, 226(a), 226.3, 226.7, 510, 512, 512(a), 558, 1174, 1194.2, 1194.5, 1197 and 1198;

6.     For interest as permitted by statute, including California *Labor Code* § 218.6;

7.     For costs of suit and expenses incurred herein as permitted by statute, including the FLSA and California *Labor Code* §§ 226 and 1194;

8.     For attorney's fees as permitted by statute, including the FLSA and California *Labor Code* §§ 226 and 1194; and

9.     For all such other and further relief that the Court may deem just and proper.


DATED:  August 5, 2020                    **BRADLEY/ GROMBACHER, LLP**


                                          By: */s/ Kiley L. Grombacher*
                                              Marcus J. Bradley, Esq.
                                              Kiley L. Grombacher, Esq.
                                              Robert N. Fisher, Esq.
                                              *Attorneys for Plaintiffs*

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

DATED:  August 5, 2020                    **BRADLEY/GROMBACHER, LLP**


                                       By: */s/ Kiley L. Grombacher*
                                          Marcus J. Bradley, Esq.
                                          Kiley L. Grombacher, Esq.
                                          Robert N. Fisher, Esq.
                                          *Attorneys for Plaintiffs*

**CLASS AND COLLECTIVE ACTION COMPLAINT**