**KING & SPALDING LLP**
ALBERT GIANG (SBN 224332)
  *agiang@kslaw.com*
ARWEN R. JOHNSON (SBN 247583)
  *arwen.johnson@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

**CALDWELL HAMMER LLP**
JEFFREY M. HAMMER (SBN 264232)
  *jhammer@caldwellhammer.com*
633 West Fifth Street, Suite 1710
Los Angeles, California 90071
Telephone:  (213) 712-8078

Attorneys for Defendant
AMERICAN INCOME LIFE
INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE BELL, GISELE MOBLEY, ASHLY RAI, AND JOHN TURNER, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana Corporation, NATIONAL INCOME LIFE INSURANCE COMPANY; and Does 1-20.<br><br>Defendants. | Case No. 2:20-CV-07046-MWF- PJW<br><br>**DECLARATION OF JEFFREY M. HAMMER**<br><br>**[Motion to Sever and Transfer the Eighth and Ninth Causes of Action; Motion to Dismiss Non-California Based Claims; Motion to Compel Individual Arbitration and Dismiss, or Alternatively Stay Action; Declaration of Kevin Donaldson with Exhibits and [Proposed] Order filed concurrently herewith]**<br><br>Hon. Michael W. Fitzgerald<br>Courtroom 5A<br><br>**Date:  March 8, 2021**<br>**Time:  10:00 a.m.** |

## DECLARATION OF JEFFREY M. HAMMER

I, Jeffrey M. Hammer, declare as follows:

1. I am an attorney at the law firm of Caldwell Hammer LLP, counsel of record for Defendant American Income Life Insurance Company ("AIL") in the above-captioned action. I am duly admitted to practice law and appear in the courts of the State of California and this Court. I make this declaration based upon personal knowledge and my review of files in this matter. I am familiar with the contents of this declaration and could and would testify under oath to the facts set forth herein if called to testify. I make this declaration in support of AIL's (1) Motion to Sever and Transfer Eighth and Ninth Causes of Action; (2) Motion to Dismiss Non-California Based Claims; and (3) Motion to Compel Individual Arbitration and Dismiss or, Alternatively, Stay Action (collectively, the "Motions").

2. In addition to the above-captioned action, I have represented AIL in the matters of *Deavan Berry, et al. v. American Income Life Insurance Co.*, Case No. 2:20-cv-0010-LPL (W.D. Pa.) (the "*Berry* Action"), *Joh v. American Income Life Ins. Co.*, Case No. 3:18-cv-06364-TSH (N.D. Cal.) (the "*Joh* Action"), and *Audra Patterson v. American Income Life Insurance Co., et al.*, Case No. 4:19-cv-918 (KGB) (E.D. Ark.) (the "*Patterson* Action"), since the original filing of each of those actions. I have personal knowledge of the proceedings in the *Berry*, *Joh*, and *Patterson* Actions and have personal knowledge of or have otherwise reviewed all papers filed in those actions.

3. The *Berry* Action is a putative nationwide FLSA collective and class action that was filed against AIL by former insurance trainees and sales agents,

Deavan Berry and Benjamin Wechsler (the "*Berry* Plaintiffs"), in the Western District of Pennsylvania on January 23, 2020. Attached hereto as **Exhibit A** is a true and correct copy of the *Berry* Plaintiffs' Complaint.

4. After the initial filing of the *Berry* Action, six additional individuals opted into the case at different times: Haley Wechsler, Christopher Ference, Andrew Vento, Erin Rozeck, Deanna Kruck, and Joshua L. Miller.

5. On December 19, 2019, Audra Patterson filed the *Patterson* Action in the Eastern District of Arkansas. Attached hereto as **Exhibit B** is a true and correct copy of the *Patterson* Complaint.

6. On May 18, 2020, AIL filed a first Motion to Compel Individual Arbitration and Stay the Case as to Plaintiffs Deavan Berry and Benjamin Wechsler and Opt-in Plaintiffs Haley Wechsler, Deanna Kruck, and Christopher Ference in the *Berry* Action.

7. On June 23, 2020, AIL filed a second Motion to Compel Individual Arbitration and Stay the Case as to additional Opt-ins Andrew Vento and Erin Rozeck in the *Berry* Action.

8. On September 20, 2020, the *Berry* Court issued an order granting AIL's Motions to Compel as to the *Berry* Plaintiffs and all opt-ins. Attached hereto as **Exhibit C** is a true and correct copy of the Court's "Memorandum Opinion." In addition, attached hereto as **Exhibit D** is a true and correct copy of the Court's order granting both Motions to Compel Arbitration filed by AIL and staying all further proceedings pending the outcome of arbitration.

9. On October 28, 2020, the *Berry* Court ordered the *Berry* Action closed, but expressly retained jurisdiction to consider any issue arising during the stay and noted that the order "shall not be considered a dismissal or disposition of

the action." Attached hereto as **Exhibit E** is a true and correct copy of the *Berry* Court's Order of October 28, 2020.

10. At or around 3:00 p.m. on November 17, 2020, I telephonically met and conferred with Plaintiffs' counsel, Kiley Grombacher. During this conference, I informed Ms. Grombacher of AIL's intention to file motions to (a) sever and transfer Plaintiffs' FLSA and non-California claims to the Western District of Pennsylvania where the overlapping *Berry* Action was pending, (b) dismiss Defendant National Income Life Insurance Company ("NILICO"), as well as Plaintiffs' non-California based FLSA and state law claims for lack of personal jurisdiction; and (c) compel individual arbitration in accordance with the arbitration provisions signed by each of Plaintiffs Natalie Bell, Ashly Rai, Gisele Mobley, and John Turner. As to each of the Motions, I explained the facts and legal authority upon which they were based.

11. As a result of the Parties' meet-and-confer efforts, Ms. Grombacher agreed to dismiss without prejudice New York Plaintiff John Turner, New York Defendant NILICO, and all claims against Defendant NILICO. On December 18, 2020, Plaintiffs filed the parties' Joint Stipulation for Dismissal Without Prejudice of Defendant National Income Life Insurance Company and Plaintiff John Turner. (ECF No. 23.) Beyond this voluntary dismissal, the Parties were unable to resolve the issues raised in AIL's Motions.

12. On August 21, 2020, the *Joh* Court issued its Order Granting Plaintiffs' Motion for Preliminary Approval of a class-wide settlement of California wage-and-hour claims asserted in the *Joh* Action (the "Preliminary Approval Order"). A hearing on the *Joh* Plaintiffs' Motion for Final Approval with respect to that *Joh* settlement is set for January 7, 2021.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of December, 2020, in Pasadena, California.

_____
Jeffrey M. Hammer