**KING & SPALDING LLP**
ALBERT GIANG (SBN 224332)
 agiang@kslaw.com
ARWEN R. JOHNSON (SBN 247583)
 arwen.johnson@kslaw.com
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

**CALDWELL HAMMER LLP**
JEFFREY M. HAMMER (SBN 264232)
 jhammer@caldwellhammer.com
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

Attorneys for Defendant
AMERICAN INCOME LIFE
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE BELL, GISELE MOBLEY, ASHLY RAI, AND JOHN TURNER, individuals, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana Corporation, NATIONAL INCOME LIFE INSURANCE COMPANY; and Does 1-20.<br><br>  Defendants. | Case No.: 2:20-CV-07046-MWF- PJW<br><br>**NOTICE OF PENDENCY OF OTHER ACTION**<br><br>Hon. Michael W. Fitzgerald<br>Courtroom 5A<br><br>Trial Date:           None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant American Income Life Insurance Company ("AIL"), by and through its undersigned counsel of record, hereby submits this Notice of Pendency of Other Case or Proceeding pursuant to Local Rule 83-1.4 to give this Court notice of pendency of the following civil actions: (1) *Deavan Berry, et al. v. American Income Life Insurance Co.*, Case No. 2:20-cv-0010-LPL (W.D. Pa.) (the "*Berry* Action"), (2) *Audra Patterson v. American Income Life Insurance Co., et al.*, Case No. 4:19-cv-918 (KGB) (E.D. Ark.) (the "*Patterson* Action"); (3) *Joh v. American Income Life Ins. Co.*, Case No. 3:18-cv-06364-TSH (N.D. Cal.) (the "*Joh* Action"); and (4) *Hamilton et al. v. American Income Life Ins. Co.*, Case No. 4:18-cv-07535-KAW (N.D. Cal.) (the "*Hamilton* Action") (ECF No. 23).

As set forth below, the complaints in the *Berry* and *Patterson* Actions share material subject matter with the FLSA and Florida claims asserted in the above-captioned proceeding (hereafter, the "*Bell* Action") in that they all involve putative national FLSA collective claims and companion non-California state law claims alleging misclassification of insurance sales trainees and/or insurance sales agents who contracted with AIL. In addition, the *Joh* and *Hamilton* Actions share material subject matter with the *Bell* Action in that all three involve putative Rule 23 class claims against AIL under California law for the alleged misclassification of certain California workers as independent contractors.

## Factual Summary of *Berry* Action

The *Berry* Action is a putative nationwide FLSA collective action that was filed by former AIL insurance trainees and sales agents, Deavan Berry and Benjamin Wechsler (the "*Berry* Plaintiffs"), in the Western District of Pennsylvania on January 23, 2020. (*Berry*, ECF No. 1, at ¶¶ 17-18). After the

initial filing of the *Berry* Action, six additional individuals opted into the case at different times. (*See Berry*, ECF Nos. 5, 9, 20-22, 40.)

The plaintiffs in *Berry* seek to represent a putative nationwide collective of "all individuals who trained to become and/or worked as sales agents/insurance producers for AIL in the last three years." (*Berry*, ECF No. 1, at ¶ 12.) Through the collective FLSA claim, the *Berry* plaintiffs seek to recover unpaid overtime and minimum wages, unreimbursed business expenses, unpaid time spent in mandatory training, unpaid wages for missed meal and rest breaks, and illegal chargebacks arising out of the alleged misclassification of sales agents/insurance producers as independent contractors. (*Berry*, ECF No. 1, at ¶¶ 50-59.)

Separately, the *Berry* plaintiffs assert claims under Pennsylvania law for (1) failure to pay minimum and overtime wages in violation of the Pennsylvania Minimum Wage Act of 1968, 34 Pa. Code § 231.41 and 43 P.S. § 333.104(c); (2) failure to pay all wages due pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.3, 260.9, 260.10; (3) unjust enrichment; and (4) declaratory relief in the form of the rescission of putative class members' agent contracts (collectively, the "Pennsylvania Claims"). (*Berry*, ECF No. 1, at ¶¶ 60-82.) In connection with the Pennsylvania Claims, the *Berry* Plaintiffs seek to represent a Rule 23 Pennsylvania class of "[a]ll individuals who trained to become and/or worked as sales agents/insurance producers for [AIL] in the last three years" (*i.e.*, since January 23, 2017). (*Berry*, ECF No. 1, at ¶ 12.)

AIL filed Motions to Compel Individual Arbitration and Stay the Case pending the outcome of arbitration as to the named plaintiffs and certain opt-ins on May 18, 2020, and as to additional individual opt-ins on June 23, 2020 ("Motions to Compel"). (*Berry*, ECF Nos. 18, 31.) The *Berry* Court granted AIL's Motions to Compel as to the *Berry* Plaintiffs and all opt-ins on September 20, 2020, and

also issued an order staying the case pending the conclusion of the individual arbitrations. (*Berry*, ECF Nos. 37-38.)

The *Berry* Plaintiffs are represented by Kenneth J. Hardin II of Hardin Thompson, P.C., The Frick Building, 437 Grant Street, Suite 620, Pittsburgh, PA, (412) 315-7195. AIL is represented by Albert Giang and Arwen Johnson of King & Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, California 90071, (213) 443-4355, and Andrea Kirshenbaum and David E. Renner of Post & Schell, P.C., One Oxford Centre, 301 Grant Street, Suite 3010, Pittsburgh, PA 15219, (412) 506-6371.

## Factual Summary of *Patterson* Action

The *Patterson* Action was filed by Audra Patterson in the Eastern District of Arkansas on December 19, 2019 and remains pending in that court. (*See Patterson*, ECF No. 1.) The *Patterson* Action asserts a putative collective FLSA claim for failure to pay minimum wages and seeks to represent a narrowly defined nationwide collective that consists only of persons who participated in AIL trainings. (*Patterson*, ECF No. 1, at ¶¶ 54-64.) In addition, the plaintiff in *Patterson* seeks individual relief for alleged failure to pay minimum wages in violation of the FLSA and Arkansas Minimum Wage Act, arising out of her alleged misclassification as an independent contractor sales agent. (*Id.*, at ¶¶ 43-53, 65-73.)

AIL filed a Motion to Compel Individual Arbitration and Stay the Case as to plaintiff Audra Patterson on February 18, 2020. (*Patterson*, ECF No. 6.) On October 30, 2020, the *Patterson* Court granted AIL's Motion to Compel Individual Arbitration and stayed the case. (*Id.*, ECF No. 21.)

The *Patterson* Plaintiffs are represented by Joshua Sanford of the Sanford Law Firm, PLLC, One Financial Center - Suite 411, Little Rock, AR 72211, 501-221-0088. AIL is represented by Albert Giang and Arwen Johnson of King &

Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, California 90071, (213) 443-4355, and William A. Waddell, Jr. and Lindsey Hayden Emerson of Friday, Eldredge & Clark, LLP, Regions Center, Suite 2000, 400 West Capitol Avenue, Little Rock, AR 72201-3522, (501) 370-1510.

### **Factual Summary of *Joh* Action**

The *Joh* Action is a putative California wage-and-hour class action that was first filed by plaintiff David Joh against AIL in the Alameda County Superior Court on September 12, 2018.  (*Joh*, ECF No. 1.)  AIL subsequently removed the matter to the Northern District of California, where it has been pending since October 2018.  The operative Second Amended Complaint ("SAC"), which added plaintiffs Bridget Smith and David Hamilton, asserts claims for (1) unlawful, unfair, and fraudulent business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) failure to pay overtime compensation (Cal. Lab. Code §§ 510, 1194; California Industrial Welfare Commission ("IWC") Wage Order No. 4); (3) failure to pay minimum wages (Cal. Lab. Code §§ 1194, 1197; IWC Wage Order No. 4); (4) failure to provide compliant meal periods (California Labor Code §§ 226.7, 512; IWC Wage Order No. 4); (5) failure to provide compliant rest periods (California Labor Code § 226.7; IWC Wage Order No. 4); (6) waiting time penalties for failure to timely pay all wages due upon termination (California Labor Code §§ 202-203); (7) failure to furnish accurate itemized wage statements (California Labor Code § 226; IWC Wage Order No. 4); and (8) failure to reimburse necessary business expenses Cal. Lab. Code § 221, 2802; IWC Wage Order No. 4). (*Joh*, ECF No. 30.)

Plaintiffs Joh, Hamilton, and Smith (collectively, the "*Joh* Plaintiffs") are all insurance sales agents who seek to represent a class of all individuals who trained to become and/or worked as insurance sales agents in California for AIL between

September 12, 2014 and August 16, 2019. A hearing on the motion for final approval of the California class-wide settlement is set for January 7, 2021.

The *Joh* Plaintiffs are represented by Steven M. Tindall, Amanda M. Karl, and Jeffrey B. Krosbie of Gibbs Law Group LLP, 505 14th Street, Suite 1110, Oakland, CA 94612, (510) 350-9700. AIL is represented by Albert Giang and Arwen Johnson of King & Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, California 90071, (213) 443-4355, and John Walker of Sacro & Walker LLP, 700 North Brand Blvd., Suite 610, Glendale, California, (818) 672-5965.

### Factual Summary of *Hamilton* Action

On December 14, 2018, Plaintiff David Hamilton initiated the *Hamilton* Action against AIL in the Northern District of California, asserting putative California wage-and-hour class claims that substantially overlap with those in the *Joh* Action. (*See Hamilton*, ECF No. 1.) The operative First Amended Complaint in the *Hamilton* Action (the "*Hamilton* FAC"), which added additional plaintiff, Bridget Smith, purports to assert putative class claims against AIL for (1) unfair business practices in violation of California's UCL, (2) failure to pay overtime wages (Cal. Lab. Code §§ 510, 1194; IWC Wage Order No. 4), (3) failure to pay minimum wages (Cal. Lab. Code §§ 1194, 1994; IWC Wage Order No. 4), (4) failure to provide compliant meal periods (Cal. Lab. Code §§ 226.7, 512; IWC Wage Order No. 4), (5) failure to provide compliant rest periods (Cal. Lab. Code § 226.7; IWC Wage Order No. 4), (6) waiting time penalties for failure to timely pay all wages due upon termination (Cal. Lab. Code § 202-203); (7) failure to furnish accurate itemized wage statements (Cal. Lab. Code § 226; IWC Wage Order No. 4), (8) failure to reimburse business expenses under the California Labor Code (Cal. Lab. Code § 2802); (9) declaratory relief, and (10) civil penalties under the California Private Attorneys General Act ("PAGA"), California Labor Code section 2699 et seq. (*Hamilton*, ECF No. 14, at ¶¶ 38-90.) Plaintiffs David

Hamilton and Bridget Smith (collectively, the "*Hamilton* Plaintiffs") seek to bring these claims on behalf of themselves and "[a]ll current and former California-based American Income agents who began training on or since December 14, 2014." (*Id.*, at ¶ 30.)

The *Hamilton* Plaintiffs are represented by Steven M. Tindall, Amanda M. Karl, and Jeffrey B. Krosbie of Gibbs Law Group LLP, 505 14th Street, Suite 1110, Oakland, CA 94612, (510) 350-9700.   AIL is represented by Albert Giang and Arwen Johnson of King & Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, California 90071, (213) 443-4355, and John Walker of Sacro & Walker LLP, 700 North Brand Blvd., Suite 610, Glendale, California, (818) 672-5965.

### Potential Relationship of the *Bell*, *Berry*, and *Patterson* Actions

Like the *Bell* Action, the *Berry* Action involves a national putative FLSA collective claim and companion putative Rule 23 state class claims arising out of the alleged misclassification of insurance sales agents and trainees outside of California. They thus share a common general subject matter.

As for the *Patterson* Action, that case asserts national putative FLSA collective claim seeking relief for alleged misclassification of a narrower class of insurance sales trainees only.  In addition, it asserts only individual claims involving the alleged misclassification of the named plaintiff as a sales agent. Patterson thus partially shares common subject matter with the *Bell* Action.

### Potential Relationship of the *Bell*, *Joh*, and *Hamilton* Actions

The *Joh* and *Hamilton* Actions share a common subject matter with causes of action 1-6 of the *Bell* Action—*i.e.*, the alleged misclassification of and failure to appropriately compensate persons who participated in training and worked as insurance sales agents to sell AIL insurance products in California.  Each action targets the same party (AIL) for overlapping claims—including claims under the

California Labor Code and UCL alleging misclassification and failure to pay compensation and benefits on a class-wide basis. Each action is predicated, at least in part, on allegations of unpaid training time and/or improper training practices with respect to prospective agents and insurance agents. The putative class periods in all three actions span nearly the same timeframe. And the putative classes in the *Joh* and *Hamilton* Actions substantially overlap with the putative California Class in the *Bell* Action.

On August 21, 2020, the Northern District of California issued an order preliminarily approving a Revised Class Action Settlement of the *Joh* Action, and set a final approval hearing for January 7, 2021. Given the substantial overlap between the putative California Class claims in *Bell* and the claims subject to release as a result of the *Joh* Settlement, final approval of the *Joh* Settlement will likely result in the release of all California claims (causes of action 1-6) of the *Bell* Action.

DATED: December 23, 2020

KING & SPALDING LLP
ALBERT GIANG
ARWEN R. JOHNSON

CALDWELL HAMMER LLP
JEFFREY M. HAMMER

By: /s/ Albert Giang
　　ALBERT GIANG

　　Attorneys for Defendants
　　AMERICAN INCOME LIFE
　　INSURANCE COMPANY